UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACK L HILL,

               Petitioner,

v.

JEFFREY A UTTECHT,

               Respondent.

Case No. C19-5415 RBL-TLF

REPORT AND RECOMMENDATION

Noted for June 19, 2020

Petitioner, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 6. Petitioner challenges his September 12, 2018, conviction and sentence in Clark County Superior Court for First Degree Child Molestation. Dkt. 6, at 2. Petitioner has failed to demonstrate he has exhausted his state court remedies and, even if petitioner were not procedurally barred from bringing those claims in state court, he fails to demonstrate cause and prejudice to overcome the procedural default.

For the reasons set forth below, the undersigned recommends the Court **dismiss the federal habeas petition without prejudice** as unexhausted. Also, the Court should **deny issuance of a certificate of appealability** (COA).

BACKGROUND

Petitioner seeks release from incarceration on the grounds that he is "illegally and unlawfully imprisoned as a result of the abrogation of my federally conferred Constitutional rights by the State of Washington and its willful defiance of the established procedures and processes set forth by the U.S. Constitution." *Id.*, at 6. Petitioner contends his federal constitutional rights were violated because he was not

REPORT AND RECOMMENDATION - 1

1  charged in the state court by Grand Jury Indictment as required by the Fifth
2  Amendment. Dkt. 6, at 6.
3      Petitioner does not indicate he has exhausted his state court remedies. Dkt. 6. In
4  fact the petition affirmatively states that petitioner has not directly appealed his
5  conviction nor has he raised the grounds raised in his petition through a post-conviction
6  motion or petition for habeas corpus in a state trial court. *Id.* at 5-13. Petitioner states
7  that he did not appeal to the highest state court having jurisdiction because "[t]he State
8  of Washington does not have jurisdictional authority to decide on United States
9  Constitution matters, which are outside it's [sic] jurisdictional or statutory governing
10 limits." *Id.* at 7-13.
11     Defendant filed a Response to the Petition raising the issue of exhaustion and
12 arguing that petitioner's grand jury claim fails to state a constitutional ground for relief.
13 Dkt. 9, at 4.
14     Petitioner filed Objections in which he did not dispute that he failed to present the
15 claims raised in his petition to the highest state court. He argued that his alleged
16 constitutional violations comprise "exceptional circumstances" justifying immediate
17 relief. Dkt. 11, at 1-2. Petitioner also argued that he could show cause and prejudice to
18 overcome procedural default. *Id.* at 3-5.
19                              DISCUSSION
20 **A.    Exhaustion**
21     Petitioner plainly admits he has brought no appeals and no post-conviction
22 proceedings in state court with respect to the grounds raised in this federal habeas
23 petition. Dkt. 6, at 1-13. Petitioner indicates that he does not intend to bring his claims to

REPORT AND RECOMMENDATION - 2

the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues that are raised under the United States Constitution. *Id.*, at 5-12.[1] However, the exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[2]

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To properly exhaust their federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*, at 845. A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

---

[1] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 6, at 12. The Court interprets this as a typographical or scrivenor's error. This interpretation is reasonable because the remainder of the petition clearly and unambiguously states that *none* of the grounds raised in the petition have been raised on direct appeal or in a state post-conviction proceeding because petitioner believes the state courts lack jurisdiction over issues that are raised under the United States Constitution. *Id.*, at 1-10.

[2] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State[.]"

REPORT AND RECOMMENDATION - 3

Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not presented his grounds for relief to the state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside [its] jurisdictional or statutory governing limits." Dkt. 6, at 5-12. However, this argument fails because 28 U.S.C. § 2254(d)(1) recognizes the jurisdiction of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated. Federal habeas relief is available to address where the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Even if the petitioner believes it would be futile to argue his Constitutional claims to the state courts because he does not believe he would be successful, "the apparent futility of presenting claims to state courts does not constitute cause of procedural default." *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988). Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state

REPORT AND RECOMMENDATION - 4

court.[3] [4] Dkt. 6, at 1-12; *see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (citing *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be properly filed, a claim must have been exhausted at the time of filing.").

B.  **Procedural Default**

In their response, respondent noted that plaintiff's one-year statute of limitations had not yet run for plaintiff to directly appeal his conviction. Dkt. 9, at 6. Petitioner has not indicated that he has since filed an appeal in state court. In September 2019, one year passed since petitioner's conviction, and his claims may be denied on procedural grounds. Under RCW 10.73.090, any collateral challenges filed after the judgment and sentence becomes final – and the one-year statute of limitations runs out – are barred.

---

[3] The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See, e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit).

[4] The Court also notes that it appears that petitioner's substantive constitutional claims also lacks merit as it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution by information. *Gaines v. Washington*, 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). However, the Court need not reach the merits of petitioner's claims as it is clear from the face of the petition that he has failed to exhaust his state court remedies.

If the state courts procedurally bar petitioner's claims, then none of those claims would be cognizable in a habeas corpus petition filed in federal court; the federal court would be required to dismiss absent a showing of cause and prejudice or actual innocence. The Court notes that it has discretion to raise and address the issue of procedural default *sua sponte* at this point in the proceedings. *See Boyd v. Thomson*, 147 F.3d 1124 (9th Cir. 1998).

Unless it would result in a "fundamental miscarriage of justice," a petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The petitioner must show an objective factor actually caused the failure to properly exhaust a claim. Interference by state officials, the unavailability of the legal or factual basis for a claim, or constitutionally ineffective assistance of counsel may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner's own inadequacies are not sufficient cause to excuse a procedural default. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-09 (9th Cir. 1986); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

"[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Wood v. Hall*,

REPORT AND RECOMMENDATION - 6

130 F.3d 373, 379 (9th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. at 496). "To meet this manifest injustice exception, [the petitioner] must demonstrate more than that 'a reasonable doubt exists in the light of the new evidence.'" *Wood*, 130 F.3d at 379 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. "[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted).

Therefore, a petitioner must demonstrate cause (such as an objective external factor outside his control that excused his procedural default) and prejudice (an error of constitutional proportions that infected his whole trial), or evidence of actual innocence in order to overcome a procedural default.

Petitioner offers two arguments for why the Court should consider his habeas claims despite his failure to raise and exhaust those claims in state court. Specifically, he argues the state court lacks jurisdiction over federal constitutional issues, there has been a clear constitutional violation, and he is certain the state court proceedings would result in his claims being rejected. Dkts. 6, 12. As discussed above, the state courts have authority to adjudicate whether the federal constitutional rights of a state criminal defendant were violated; petitioner's beliefs that there has been a clear constitutional violation and that he would not be successful if he presented his claims to the state court does not excuse his failure to do so. *See* 28 U.S.C. § 2254(d)(1); *Roberts*, 847 F.2d at 530; *Duckworth v. Serrano*, 454 U.S. 1, 3-4 (1981) (per curiam) ("[O]bvious

REPORT AND RECOMMENDATION - 7

constitutional errors, no less than obscure transgressions, are subject to the [exhaustion] requirements of § 2254(b). . . .").

Petitioner also relies on Revised Code of Washington (RCW) 7.36.010-7.36.030 and various cases discussing that statute to support his argument that he is not required to exhaust state court remedies prior to bring a habeas corpus petition. Dkt. 11, at 11. Yet RCW 7.36.010 governs state habeas corpus proceedings in state court – not federal habeas corpus proceedings brought pursuant to 28 U.S.C. § 2254. Petitioner's citations to this statute and case law do not support his arguments.

Petitioner contends his habeas claims are based on "new found federal constitutional error." Dkt. 11. But the factual and legal basis for these claims – that the Washington State Constitution violates the Fifth Amendment of the United States Constitution by allowing for prosecution by information – are not "new" but were available to petitioner at the time of his conviction and sentence. The fact that petitioner may not have been personally aware of the grounds for habeas relief raised in his petition until his time to raise those claims in the state courts had expired, does not constitute cause to overcome his procedural default. "Mere ignorance of the law and pro se status is insufficient to establish 'cause' to excuse a default." *Williams v. Hackner-Agnew*, 2017 WL 6611568 (D. Arizona, Nov. 2, 2017); see *Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 909 (9th Cir.1986) (illiteracy of pro se petitioner not sufficient to meet cause standard of procedural bar); see also *Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir. 1988) (mental condition of pro se petitioner and reliance upon allegedly incompetent jailhouse lawyers did not constitute cause).

REPORT AND RECOMMENDATION - 8

In sum, even though petitioner's claims would appear to be procedurally defaulted he cannot show cause for his procedural default as he cannot demonstrate some objective factor external to the defense prevented him from complying with the state's procedural rule.

	Petitioner also cannot show actual prejudice or that the failure to consider his claims will result in a fundamental miscarriage of justice. Contrary to petitioner's federal habeas claims, it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *See Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett,* 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen,* Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina,* Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). Thus, even if petitioner's claims are now procedurally defaulted, petitioner cannot show actual prejudice or that the failure of the Court to consider his claims will result in a fundamental miscarriage of justice.

REPORT AND RECOMMENDATION - 9

Yet, "a federal district court should dismiss a wholly-unexhausted habeas petition *with* prejudice only where it is clear that state law will no longer permit petitioner to exhaust the claims therein." *Fisher v. Clark*, 2014 WL 1457816, n. 8 (C.D. Cal. April 14, 2014) (*citing Murphy v. Mahoney*, 308 F. App'x 45, 45–46 (9th Cir. 2008) ("Since the time for filing a state post-conviction relief petition has long since passed, Murphy cannot return to state court to exhaust his claims. Thus, Murphy is procedurally barred from asserting is claims in federal court, and no exception exists that would excuse his failure to file a petition earlier.") (citing *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

While petitioner may be procedurally barred from bringing his habeas claims in state court, the record here does not permit the Court to conclude that petitioner is foreclosed, as a matter of state law, from exhausting the claims raised in the petition. Furthermore, the Court notes that, in his arguments regarding "cause" and "prejudice" above, petitioner suggests some other potential substantive claims which he does not raise as claims in this habeas petition and which are not properly before the Court. In the event petitioner intends to attempt to pursue these other claims, or is in the process of pursuing them, a dismissal without prejudice here allows him the opportunity to do so.

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition (Dkt. 6), and this action, be **dismissed without prejudice as unexhausted.**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of

REPORT AND RECOMMENDATION - 10

appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. This Court therefore **recommends that a certificate of appealability be denied.**

## DEADLINE FOR OBJECTIONS

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **June 19, 2020**, as noted in the caption.

Dated this 28th day of May, 2020.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11